**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4820 |
| Plaintiff - Appellee, | D.C. Nos. 2:22-cv-00752-DGC 2:18-cr-00539-DGC-1 |
| v. | MEMORANDUM[*] |
| AARON ANTHONY ORDONEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 16, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Aaron Anthony Ordonez moves to vacate his conviction and sentence for

various federal child pornography offenses under 28 U.S.C. § 2255. Ordonez asserts

that his appellate counsel rendered deficient performance when she failed to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenge the trial court's investigation and retention of a juror who, during deliberations at Ordonez's trial, requested to be excused because he was "not comfortable." We have jurisdiction under 28 U.S.C. § 2253. We affirm.

We review the district court's denial of a § 2255 motion de novo. *Chong v. United States*, 112 F.4th 848, 854 (9th Cir. 2024). The trial court's decision to excuse a juror for good cause is reviewed for abuse of discretion. *See United States v. Litwin*, 972 F.3d 1155, 1170 (9th Cir. 2020).

Appellate counsel is ineffective when her performance is "objectively unreasonable," meaning that she "acted unreasonably in failing to discover and brief a merit-worthy issue." *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010). Counsel's failure to raise the issue must also prejudice the defendant, which requires "a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed on appeal." *Id.*

Under Federal Rule of Criminal Procedure 23(b)(3), the district court "may permit a jury of 11 persons to return a verdict . . . if the court finds good cause to excuse a juror." But where a request for discharge rests on "a juror's alleged inability or unwillingness to deliberate," the court cannot excuse the juror if there is "any reasonable possibility" that the request "stems from the juror's views on the merits of the case." *United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 2020) (emphasis removed). At the same time, a court "may not intrude on the secrecy of

the jury's deliberations." *Id.* at 1086 (quotation omitted). Trial judges thus "face[] special challenges" when presented with a request for discharge. *Id.* They must investigate the request "[w]here juror misconduct or bias is credibly alleged," *Dyer v. Calderon*, 151 F.3d 970, 978 (9th Cir. 1998), but they are also required to avoid "compromising the secrecy of the jury's deliberations." *Symington*, 195 F.3d at 1088 n.7.

The trial court did not abuse its discretion when it investigated and retained Juror 7. Juror 7's note stated only that he was "not comfortable." Recognizing the dangers of delving into Juror 7's discomfort, the trial court carefully explained that it could not ask about the content of jury deliberations or Juror 7's position on the merits of the case. The trial court then asked Juror 7 if his discomfort stemmed from "something other than this case and the evidence and the discussion of the jury." Juror 7 responded that it did not. Given Juror 7's response, the trial court acted within its discretion by declining to question Juror 7 further and returning him to deliberations. *See id.* at 1085.

Ordonez argues that the trial court abused its discretion by failing to consider or investigate the possibility of juror misconduct. But the trial court does not have to investigate juror misconduct, when, as here, there was no evidence of juror misconduct. *See Litwin*, 972 F.3d at 1175; *Dyer*, 151 F.3d at 978. To the contrary, trial courts are "required to avoid prying into the substance of the jury's discussions,

3                                                    24-4820

and . . . [must] take care to avoid a line of questioning that could reveal the contents of the jury's secret deliberations." *Litwin*, 972 F.3d at 1175. In fact, Ordonez's defense counsel at trial expressed concern about "tainting the juror deliberation process" and argued for only a limited inquiry, such as whether the juror was uncomfortable due to a "health problem." Further, the trial court was not required to explain to Juror 7 the full panoply of reasons that *might* constitute good cause. Raising juror misconduct sua sponte could have risked improperly influencing deliberations or second-guessing the jury. *See Symington*, 195 F.3d at 1086.[1]

Because the trial court did not abuse its discretion, Ordonez's claim regarding Juror 7 lacks merit, and his appellate counsel was not ineffective for failing to raise it on appeal. *See Moormann*, 628 F.3d at 1106. Ordonez's claim of ineffective assistance thus fails.

**AFFIRMED.**

---

[1] Because the trial court did not abuse its discretion, we need not address whether the alleged error was structural or should be reviewed for harmlessness. *See Litwin*, 972 F.3d at 1178 (declining to decide whether improper dismissal of a juror is structural error).